107 F.3d 1
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Alvin TERRY, Plaintiff, Appellant,
v.
ELECTRONIC DATA SYSTEMS CORPORATION, Defendant, Appellee.
 No. 96-2036.
 United States Court of Appeals, First Circuit.
 Feb. 6, 1997.
 
 William F. Green with whom Robert A. Rossi was on brief for appellant.
 Charles A. Linn with whom Michael H. Olvera, Electronic Data Systems Corporation, Office of the General Counsel, Robert P. Joy and Morgan, Brown & Joy were on brief for appellee.
 Before BOUDIN, Circuit Judge, BOWNES, Senior Circuit Judge, and LYNCH, Circuit Judge.
 BOUDIN, Circuit Judge.
 
 
 1
 This is a straightforward employment discrimination case brought by appellant Alvin Terry under both the federal and state anti-discrimination statutes. 42 U.S.C. § 2000e-2(a)(1); Mass. Gen. L. ch. 151B, § 4(1). Terry claims that he was not hired as a permanent computer operator at Electronic Data Systems because of his race. Terry was a temporary employee who was offered a permanent position subject to a background check; but the offer was withdrawn after that check.
 
 
 2
 The district court granted the employer's motion for summary judgment, finding that Terry had made out a prima facie case but that the presumption of discrimination had been negated because the employer provided an adequate non-discriminatory reason for not hiring Terry--namely, that the background check revealed that Terry had a credit problem relating to an unpaid student loan and Terry showed no concern when asked about the matter. Since Terry did not put forward any substantial evidence of discrimination beyond the prima facie case and produced no evidence that the employer's stated reason was pretextual, this disposed of the case under both the federal and state doctrines.
 
 
 3
 We need not consider whether or not a prima facie case was made out by Terry, since it is crystal clear that apart from a prima facie case, no substantial evidence of discrimination was presented, nor any basis for believing that the non-discriminatory explanation of the employer was a pretext. Terry's efforts on appeal to manufacture a factual conflict out of some pleading discrepancies and his speculative appraisals of the employer's attitude toward him are too thin to warrant any extended discussion.
 
 
 4
 Affirmed.